| | |
|---|---|
| 1 | Alexander E. Potente (State Bar No. |
| 2 | alexander.potente@clydeco.us |
|   | Yvonne M. Schulte (State Bar No. |
| 3 | yvonne.schulte@clydeco.us |
| 4 | CLYDE & CO US LLP |
|   | 150 California Street, 15th Floor |
| 5 | San Francisco, California 94111 |
|   | Telephone:  (415) 365-9800 |
| 6 | Facsimile:   (415) 365-9801 |
| 7 | |
| 8 | Attorneys for Defendant |
|   | CHUBB CUSTOM INSURANCE COMPANY |
| 9 | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SJ4 BURBANK LLC, A Delaware limited liability company, | Case No. |
| Plaintiff, | **DEFENDANT CHUBB CUSTOM INSURANCE COMPANY'S NOTICE OF REMOVAL** |
| v. | |
| CHUBB CUSTOM INSURANCE COMPANY, a New Jersey corporation; and DOES 1-10, inclusive, | **[28 U.S.C. § 1441(b) (Diversity)]** |
| Defendants. | Final Status Conference: Not Set<br>Trial date:                        Not Set |

PLEASE TAKE NOTICE THAT defendant CHUBB CUSTOM INSURANCE COMPANY ("Chubb") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, files this Notice of Removal, based on diversity of citizenship, to effect the removal of the above-captioned case, Case No. 22SMCV00200 from the Superior Court of the State of California, County of Los Angeles, to the United States District

Court for the Central District of California (the "State Court Action"). Removal is proper for the following reasons:

## BACKGROUND

1. On February 14, 2022, plaintiff SJ4 Burbank, LLC filed a Complaint bearing Case No. 22SMCV00200 in the Superior Court of the State of California for the County of Los Angeles. A true and correct copy of the Complaint is attached as Exhibit A to the Declaration of Yvonne M. Schulte filed concurrently with this document ("Schulte Decl.").

2. The Complaint alleges causes of action for (1) breach of contract/anticipatory breach of contract; (2) bad faith; and (3) declaratory relief against Chubb.

3. On March 8, 2022, Plaintiff personally served the Summons, Complaint, Civil Action Cover Sheet and Addendum, Notice of Case Assignment Unlimited Civil Case, Voluntary Efficient Litigation Stipulations, Stipulation-Discovery Resolution, Stipulation-Early Organizational Meeting, Informal Discovery Conference, Stipulation and Order-Motions in Limine, and Alternative Dispute Resolution (ADR) Information Package on Chubb, through its counsel. True and correct copies of the documents are attached as Exhibits A through E to the Schulte Declaration.

4. On March 22, 2022, Chubb filed an Answer to the State Court Action. A true and correct copy of the Answer that Chubb filed is attached as Exhibit F to the Schulte Declaration.

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely because it is filed within thirty days of the date the Summons and Complaint was served. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

## GROUNDS FOR REMOVAL

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff, on the one hand, and Chubb on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and removal is appropriate pursuant to 28 U.S.C. §1441(a).

## DIVERSITY OF CITIZENSHIP

7. Diversity of citizenship exists when a suit is between citizens of different States. 28 U.S.C. §1332(a). An LLC's citizenship is determined by the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of the state in which it is incorporated and the state of its principal place of business.

8. Plaintiff is, and at the time of the filing of the Complaint was, a limited liability company formed in Delaware, with a principal place of business in California. Currently, and at the time of the filing of the Complaint, according to Statements of Information provided to the California Secretary of State, the members of SJ4 are Burbank MU Holdings, LLC, a limited liability company formed in Delaware, with a principal place of business in California, and LaTerra Development, LLC, a limited liability company formed in California, with a principal place of business in California. In addition, Charles Tourtellotte, a California resident, may either be a manager or a member. *See* Schulte Decl., ¶ 7, Exhibit G.

9. At the time of the filing of the Complaint, according to Statements of Information provided to the California Secretary of State, the member of Burbank MU Holdings, LLC is LaTerra Development Burbank, LLC, a limited liability company formed in Delaware, with a principal place of business in California. *See* Schulte Decl., ¶ 8, Exhibit H.

CLYDE & CO LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

3

Case No.
CHUBB CUSTOM INSURANCE COMPANY'S NOTICE OF REMOVAL

10. At the time of the filing of the Complaint, according to Statements of Information provided to the California Secretary of State, the member of LaTerra Development Burbank, LLC is LaTerra Land Development, LLC, a limited liability company formed in Delaware, with a principal place of business in California. *See* Schulte Decl., ¶ 9, Exhibit I.

11. At the time of the filing of the Complaint, according to Statements of Information provided to the California Secretary of State, the member of LaTerra Land Development, LLC is LaTerra Development, LLC. *See* Schulte Decl., ¶ 10, Exhibit J.

12. At the time of the filing of the Complaint, according to Statements of Information provided to the California Secretary of State, the members of LaTerra Development, LLC are Charles Tourtellotte, a California resident, and Lauren Boyd, a California resident. *See* Schulte Decl., ¶ 11, Exhibit K.

13. Chubb is incorporated in New Jersey and has its principal place of business in New Jersey. *See* Schulte Decl., ¶ 12.

14. The residence and citizenship of fictitious and unknown defendants should be ignored for the purpose of establishing removal jurisdiction. 28 U.S.C. § 1441(b); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980). The potential citizenship of Does 1-10 does not deprive this Court of jurisdiction.

15. Because Plaintiff and Chubb are citizens of different States, there is complete diversity of citizenship for jurisdictional purposes.

16. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a)(2) and (3) because this is a civil action in which the subject matter jurisdiction is founded only on diversity of citizenship and is brought in a judicial district in which Defendant Chubb is subject to personal jurisdiction.

17. This action is filed in the Western Division of the United States District Court for the Central District of California in compliance with Central District of California General Order 349, and is proper under 28 U.S.C. §§ 1441(a) and 1446(a)

because the Superior Court of the State of California, County of Los Angeles, is located in the U.S. District Court for the Central District of California.

## AMOUNT IN CONTROVERSY

18. Although Chubb disagrees that there is liability in the first instance or that Plaintiff sustained damages in any amount, the amount in controversy exceeds $75,000. Specifically, Plaintiff alleges that the remediation activities at the site and related expenses exceed $20,000,000. *See* Schulte Decl., Exhibit A, ¶ 3, at 1:19-28.

19. Plaintiff alleges that Chubb currently owes it the remaining policy limits of approximately $5,900,000. *See* Schulte Decl., Exhibit A, ¶ 24, at 5:25 to 6:2.

20. Plaintiff also claims an undetermined amount of attorney's fees from Chubb. *See* Schulte Decl., Exhibit A, Prayer ¶ a. at 11:1-3. *Brandt v. Superior Court*, 37 Cal. 3d 813, 815 (1985) provides that "[w]hen an insurer tortiously withholds benefits" due under a policy, the insured's "attorney's fees, reasonably incurred to compel payment of the policy benefits" are recoverable as an element of damages. As an element of damages, Plaintiff's claim for attorneys' fees is used to determine the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998).

21. Plaintiff also seeks punitive and exemplary damages as to Chubb (*see* Schulte Decl., Exhibit A, Prayer ¶ b. at 11:4), which are included in determining whether the amount in controversy exceeds $75,000. *See Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")

22. Although Chubb denies that Plaintiff is entitled to recover policy benefits or other damages in any amount, based upon the above referenced facts, the

aggregate value of Plaintiff's claims and damages sought is well in excess of $75,000. Moreover, and as set forth by the U.S. Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014), "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Here, Plaintiff alleges that the amount in controversy is approximately $5,900,000. If Plaintiff contests this despite the allegations in its Complaint, Chubb can submit additional evidence establishing the jurisdictional threshold.

23. As a result, the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

## CONCLUSION

24. Removal is proper in this case because Chubb has established that (1) it is completely diverse from Plaintiff; and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1332, 1441(b).

## ADDITIONAL PROCEDURAL MATTERS

25. Chubb has filed this Notice of Removal within 30 days of Receipt of the Summons and Complaint. 28 U.S.C. § 1446(b)(1).

26. There are no pending cases related to the State Court Action.

27. Upon filing this Notice of Removal, Chubb will provide written notification to all parties, and will file a Notice to Adverse Party of Removal to Federal Court with the Clerk of the Court for the Los Angeles County Superior Court. *See* Schulte Decl., ¶ 13.

28. Copies of all process, pleadings, and orders from the State Action are being filed with this Notice. *See* Exhibits A-F to the Schulte Decl.

29. For these reasons, this action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated: March 23, 2022            CLYDE & CO US LLP

By: ___*/s/ Yvonne M. Schulte*___
    Alexander E. Potente
    Yvonne M. Schulte
    Attorneys for Defendant
    CHUBB CUSTOM INSURANCE COMPANY

CLYDE & CO LLP
150 California Street, 15th Floor
San Francisco, California 94111
Telephone: (415) 365-9800

7                                                                Case No.
CHUBB CUSTOM INSURANCE COMPANY'S NOTICE OF REMOVAL

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 150 California Street, 15th Floor, San Francisco, California 94111.

On March 23, 2022, I served true copies of the following document(s) described as

**DEFENDANT CHUBB CUSTOM INSURANCE COMPANY'S NOTICE OF REMOVAL**

on the interested parties in this action as follows:

| | |
|---|---|
| David A. Thomas, Esq.<br>Daniel H. Rylaarsdam, Esq.<br>BLANK ROME LLP<br>2029 Century Park East, 6th Floor<br>Los Angeles, California 90067 | Counsel for Plaintiff<br>SJ4 BURBANK LLC<br><br>Telephone: (424) 239-3400<br>Facsimile: (424) 239-3434<br>Email: david.thomas@blankrome.com<br>dan.rylaarsdam@blankrome.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Clyde & Co LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Francisco. (C.C.P. § 1013 (a)).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 23, 2022, at San Francisco, California.

*Andrea Mackenzie* (signature)
Andrea Mackenzie